UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

BRION B. SMITH,

    Petitioner,

        v.                          CAUSE NO. 3:24-CV-144-APR

WARDEN,

    Respondent.

OPINION AND ORDER

      Brion B. Smith, a prisoner without a lawyer, filed a habeas petition challenging the disciplinary decision (ISO-23-3-9) at the Indiana State Prison in which a disciplinary hearing officer (DHO) found him guilty of unauthorized possession of property in violation of Indiana Department of Correction Offense 215. Specifically, he was charged on the basis that a correctional officer found an unwrapped condom sitting on the top shelf of his cabinet. [DE 11-1]. Following a hearing, he was sanctioned with a loss of ninety days earned credit time and a demotion in credit class.

      Smith argues that he is entitled to habeas relief because correctional staff denied his request for video recording evidence. "[T]he inmate facing disciplinary proceedings should be allowed to call witnesses and present documentary evidence." ***Wolff v. McDonnell***, 418 U.S. 539, 566 (1974). However, "[p]rison officials must have the necessary discretion to keep the hearing within reasonable limits and to refuse to call witnesses that may create a risk of reprisal or undermine authority, as well as to limit access to other inmates to collect statements or to compile other documentary evidence." *Id.*

The administrative record includes a video recording summary, which states that the video recording did not capture the search in which the condom was found due to the angle of the camera. [DE 11-5]. Though Smith requested video recording evidence showing the search, correctional staff did not act unreasonably in declining to produce evidence that did not exist. Additionally, the denial of evidence relating to the search would have amounted to harmless error given that Smith does not dispute that he possessed the condom. Therefore, this claim is not a basis for habeas relief.

Smith argues that he is entitled to habeas relief because correctional staff denied him the opportunity to attend the hearing. On the hearing report, the hearing officer wrote, "In witness of Officer In Charge Harris, Offender DOC # 212438 refused DHB." [DE 11-4]. In the petition, Smith denies refusing to attend the hearing. [DE 1]. Smith has submitted a signed written statement from Officer Meeks, which states as follows:

> On 4-18-23, I, Ofc. Meeks, was informed on the radio to get II Smith 12438. II Smith went to DHB shortly after. He came back to the dorm shortly after that. He said he was sent back. DHB informed me on the radio that he missed his appointment. I was told he had been called at an earlier time. I did not hear this on the radio. I just don't want to see any punishment due to a lack of communication.

[DE 11-7 at 2]. The hearing officer attests that she gave Officer Harris a list of inmates to be called for disciplinary hearings and began at 8:00 a.m. [DE 11-11]. As the time approached 9:45 a.m., she asked Officer Harris to radio for Smith, and she heard him speak with Officer Meeks. *Id.* Because Smith did not arrive by 9:45 a.m., she considered him to have refused the hearing. *Id.* On this basis, the court finds that the record is disputed as to whether Smith had an opportunity to attend the hearing.

The Warden further argues that the lack of a hearing amounts to harmless error. Significantly, Officer Davis had submitted a signed statement stating, "Offenders received

2

Christmas packaged for the holiday, and I, Officer Davis, witnessed condoms in their gift packages," though, as the Warden notes, the hearing officer found that this statement was not credible. [DE 11-4; DE 11-6]. The hearing officer provided no explanation for this credibility finding, so, against this backdrop, it seems reasonably likely that Smith might have been able to bolster Officer Davis' credibility with his own narrative. Further, Officer Davis' statement strongly suggests that inmates were authorized to possess these particular condoms, and the administrative record contains no contrary evidence. Consequently, the court finds that a genuine dispute of material fact exists regarding whether Smith was denied the opportunity to attend the disciplinary hearing. Therefore, the court must conduct an evidentiary hearing to determine whether Smith was denied the opportunity to attend the disciplinary hearing.

In preparation for the evidentiary hearing, the court ORDERS Smith and the Warden to separately prepare and file brief status reports, by **August 23, 2024**. The status reports must not exceed five pages (unless greater length is unavoidable) and must address: (1) what genuine issues of fact exist; (2) what discovery might be necessary, how it relates to the issues, and how long it would take to complete; (3) what witnesses and exhibits each party proposes to call or introduce; (4) how much time the evidentiary hearing is expected to require; and (5) what motions have been or are expected to be filed before the evidentiary hearing.

SO ORDERED on July 29, 2024.

s/ Andrew P. Rodovich
MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT